IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE KRAVITZ, et al.,** *Plaintiffs*, <br><br> v. <br><br> **CENTENNIAL SCHOOL DISTRICT, et al.,** *Defendants*. | **CIVIL ACTION** <br><br> NO. 2:23-cv-00888 |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                                       **August 3, 2023**

This matter involves an Equal Pay Act claim brought by Denise Kravitz and Lori Warren against the Centennial School District (the "District"), as well as fifteen and other unnamed individuals. Defendants move to dismiss Plaintiffs' Collective Action Complaint pursuant to Rule 12(b)(6). The motion shall be denied in part and granted in part with prejudice.

**I.      SUMMARY OF COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Denise Kravitz and Lori Warren, are female teachers currently employed at the District in Bucks County, Pennsylvania. Plaintiffs have filed a Collective Action Complaint against the District, as well as fifteen individual and other unnamed Defendants,[1] and claim they were discriminated against based on their gender in violation of the Equal Pay Act (EPA). As alleged by Plaintiffs, the events giving rise to the case before this Court are as follow.

---

[1] The Complaint states that the individual Defendants were "acting directly or indirectly in the interest of [the District] in relation to Plaintiffs' compensation," but omits additional language from the statute: "Employer . . . does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C § 206(d).

1

The District employed Plaintiffs in or around August 2002 through the present. Complaint ("Compl.") ¶¶ 1-2, (ECF No. 1). Prior to her employment with the District, Plaintiff Kravitz worked as a teacher for nine years at the Philadelphia School District. Id. ¶ 8. Similarly, before working at the District, Plaintiff Warren worked as a teacher for six years at the Colonial School District, Carroll County Public Schools, and the School District of Philadelphia. Id. ¶ 11.

From as early as 2000 through the present, the District used Salary Schedules to determine teachers' annual salaries. Id. ¶ 12. Step 1 on the Salary Schedules provides the lowest level of compensation, whereas Step 2 through 17 provides progressively higher levels of compensation. Id. ¶ 16. One factor used in the Salary Schedules is "Step," which is the number of years of experience a teacher has in teaching. Id. ¶ 15. Neither Plaintiff received credit for their prior teaching experience, whereas one or more male teachers received such credit when they started working at the District. Id. ¶¶ 24-25. Both Plaintiffs were placed on Step 1 of the Salary Schedules when they started working at the District and were paid substantially lower compared to male teachers employed with similar experience. Id. ¶¶ 20, 23, 25.

In their Complaint, Plaintiffs allege, on behalf of all similarly situated women, that the District knowingly paid its male teachers more than female teachers under the Salary Schedules, as prohibited by the EPA, by giving male teachers credit for their prior teaching experience. Id. ¶¶ 28-29. Plaintiffs also allege that similarly situated employees should include all female teachers in the District from as early as 2002 through the present, who were paid less than male teachers in the District and from the same time frame, under the Salary Schedules. Id. ¶ 27.

## II.       SUMMARY OF BRIEFING

### A.       Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiffs' Collective Action Complaint for failure to state a claim under the EPA. In support of their motion, Defendants make several arguments.

First, Defendants argue that Plaintiffs fail to allege a single male comparator to show that male and female teachers were paid differently for performing equal work. Def.'s Mot. to Dismiss (ECF 6) at 7, citing Cunningham v. Freedom Ford Sales, Inc., No. 03:2006-205, 2007 WL 2404739, at *7-8 (W.D. Pa. Aug. 16, 2007) (granting a motion to dismiss because "listing [defendants] by name and job title . . . does little to describe the 'job content'").

Second, Defendants argue that Plaintiffs fail to allege their own job responsibilities or the responsibilities of the male teachers to show that male and teachers performed equal work. Def.'s Mot. to Dismiss (ECF 6) at 7, citing Endo Pharms. Inc. v. Fryer, No. 17-2245, 2020 WL 4748296, at *3 (E.D. Pa. Aug. 14, 2020) (dismissing an EPA claim where counterclaim plaintiff failed to describe the job duties of herself and her comparators).

Third, Defendants argue that the claims are barred under a statute of limitations defense because Plaintiffs do not allege unequal payment within the last three years, but only that male teachers at some point were compensated more than female teachers. Def.'s Mot. to Dismiss (ECF 6) at 8, citing Mumma v. High-Spec, Inc., 400 Fed.Appx. 629, 631 (3d Cir. 2010) ("[T]hough a statute of limitations defense generally cannot be raised by way of a 12(b)(6) motion, an exception known as the 'Third Circuit Rule' permits this when the statute of limitations bar is apparent on the face of the complaint." (citing Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital, 435 F.3d 396, 400 n.14 (3d Cir. 2006))).

3

Lastly, even if Plaintiffs' Complaint stated a claim under the EPA, Defendants argue that only the District can be held liable under the EPA because the individual Defendants do not qualify as "employers," namely because the individual Defendants did not have the authority to make hiring decisions. Def.'s Mot. to Dismiss (ECF 6) at 10, citing Cunningham v. Albright Coll., No. 5:20-cv-01429, 2020 WL 7640192, at *9 (E.D. Pa. Dec. 23, 2020) ("A liable 'employer' under the Equal Pay Act . . . must have 'supervisory authority' over the plaintiff and be 'responsible in whole or part for the alleged violation.'"), and In re Enterprise Rent-A-Car Wage & Hour Emp. Prac. Litig., 683 F.3d 462, 469 (3d Cir. 2012) (articulating a test, which includes the authority to hire and fire, for determining "joint employer" status under the Fair Labor Standards Act (FLSA)).

### B.   Plaintiffs' Response

Responding to Defendants' first and second arguments, Plaintiffs argue that there is a reasonable expectation that discovery will (1) show that male and female teachers employed by the District all performed equal work; and (2) reveal the names of male teachers who were compensated more than Plaintiffs because the former received credit for their prior teaching experience while the latter did not. Pl.'s Resp. (ECF 7) at 2, citing Martinez v. UPMC Susquehanna, 986 F.3d 261, 265 (3d Cir. 2021) ("[T]he complaint need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009))).[2]

Responding to Defendants' third argument, Plaintiffs argue that they continue to experience unequal pay to this day because they remain employed by the District and have never

---

[2] Martinez addresses a claim under the Age Discrimination in Employment Act (ADEA) rather than the EPA.

been given credit for their prior teaching experience as male teachers were. Pl.'s Resp. (ECF 7) at 5, citing Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 842 (3d Cir. 1992) ("[I]n employment discrimination suits . . . if the alleged discriminatory conduct is a 'continuing violation,' the statute of limitations begins to run on the date of the last occurrence of discrimination, rather than the first.").

Responding to Defendants' last argument, Plaintiffs argue that, because the individual Defendants acted or are acting directly or indirectly in the interest of the District in relation to Plaintiffs' compensation, each individual Defendant constitutes an "employer" under the EPA, even if each did not have the final authority to make hiring decisions. Pl.'s Resp. (ECF 7) at 6, citing 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.").

### C. Defendants' Reply

Replying to Plaintiffs' argument that it's not necessary to identify the alleged comparators so long as there is a reasonable expectation that the comparators' names will be revealed during discovery, Defendants argued that, without sufficient facts about the alleged comparators, they did not have sufficient notice to determine whether the comparators were similarly situated to the Plaintiffs or whether the comparators were paid more than the Plaintiffs. Def.'s Reply (ECF 8) at 3, citing Martinez, 986 F.3d at 267 (holding that the plaintiff sufficiently pled an age discrimination violation because it alleges who fired him, when, and how, as well as naming his replacements and alleges that they were significantly younger).[3]

---

[3] Supra note 1 on Page 4.

Replying to Plaintiffs' argument that the EPA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," Defendants argue that a liable "employer" under the EPA must act on behalf of an employer and also have supervisory authority over the employee. Def.'s Reply (ECF 8) at 4, citing Cunningham v. Albright Coll., 2020 WL 7640192, at *9 ("A liable 'employer' under the Equal Pay Act . . . must have 'supervisory authority' over the plaintiff and be 'responsible in whole or part for the alleged violation.'"); see also Def.'s Reply (ECF 6) at 10, citing In re Enterprise, 683 F.3d at 469 (articulating a test, which includes the authority to hire, for determining "joint employer" status under the FLSA).

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of the Sciences, 961 F.3d 203, 208 (3d Cir. 2020). To survive this motion, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555). A court must assume for purposes of a motion to dismiss that the plaintiff can prove the facts alleged in the complaint, but "it is not . . . proper to assume that [she] can prove facts that [she] has not alleged[.]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

IV.     ANALYSIS

    A.      **Equal Pay Act (EPA)**

The EPA provides that:

> "No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

29 U.S.C § 206(d). Under the EPA, the plaintiff must establish a prima facie case by demonstrating that (1) employees of the opposite sex were paid differently for (2) performing "equal work"—work of substantially equal skill, effort and responsibility, under similar working conditions. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).

For purposes of equating jobs under the EPA, job content is controlling; the test is not identity but substantial equality, but mechanical and surface similarities are inadequate to establish of two propositions. Angelo v. Bacharach Instrument Co., 555 F.2d 1164, 1171, 1176 n.9 (3d Cir. 1977). Differences in detailed subsidiary tasks do not render two jobs unequal for purposes of the EPA. Hodgson v. Food Fair Stores, Inc., 329 F. Supp. 102, 105 (M.D. Pa. 1971).

Claims arising under the EPA must be filed within two years of accrual of the cause of action, except in cases of continuing violations, in which the limitations period is three years. Miller v. Beneficial Management Corp., 977 F.2d 834, 842 (3d Cir. 1992). The statute of limitations for an EPA claim begins to run on the date that the plaintiff received his or her last allegedly discriminatory paycheck. Id. at 844.

Under the EPA, "Employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not

7

include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).[4] Some courts have interpreted that the liable individual must have "supervisory authority" over the plaintiff Cunningham, 2020 WL 7640192, at *9 ("A liable 'employer' under the Equal Pay Act . . . must have 'supervisory authority' over the plaintiff and be 'responsible in whole or part for the alleged violation.'"). However, there is currently no precedential case law from the Third Circuit that opines on whether individual teachers or supervisors can be held liable under the EPA.

**B.      Discussion**

The parties dispute whether Plaintiffs and her comparators are paid differently. Taking the facts alleged in the Complaint as true, Plaintiffs have alleged that, despite having prior teaching experience, they did not receive credit for their prior teaching experience while one or more male teachers in the District received such credit, resulting in higher compensation for male teachers when they started working at the District. This is enough to state a plausible claim for relief, so Plaintiffs have satisfied the first element of their EPA claim.

The parties dispute whether Plaintiffs and the male teachers in the District perform "equal work." Taking the facts alleged in the Complaint as true, Plaintiffs have alleged that all teachers employed by the District perform or performed work of substantially equal skill, effort and responsibility, under similar working conditions. There are some unanswered questions that may be relevant as to whether the higher-paid male teachers had similar responsibilities, including: (1) what grade level the Plaintiffs and her comparators teach (one could be teaching elementary, middle, or high school level); and (2) whether different grade levels entail similar responsibilities or require similar degrees of effort (curricular content may vary between elementary, middle, and

---

[4] Supra note 1 on Page 2.

high school levels). Depending on (1) and (2), the working conditions may not be similar because class size may vary between elementary, middle, and high school levels. However, at this stage of the proceedings, Plaintiffs have adequately pleaded facts supporting similar responsibility. For this reason, Plaintiffs have satisfied their EPA claim against the District.

      The parties dispute whether unequal payment between male and female teachers in the District took place within the statute of limitations of three years. Taking the facts alleged in the Complaint as true, Plaintiffs have alleged that they remain employed by the District and, despite having prior teaching experience, they have never received credit for their prior teaching experience while male teachers did. Defendants counter that when Plaintiffs reached the top step on the Salary Schedules in January 2020, there were no longer any disparities and the wages between male and female teachers were equal. Although Defendant makes a valid argument, Plaintiffs' allegations should be enough to state a claim for relief because: (1) this is a continuing violation by Defendants, so the statute of limitations starts on the date the Plaintiffs received their last discriminatory paycheck, which is alleged within the last three years; and (2) similarly situated female teachers with a later start date may continue to experience unequal pay compared to male teachers in the District. For these reasons, the statute of limitations defense does not bar Plaintiffs' EPA claim against the District.

      Finally, the parties dispute whether the individual Defendants named in the Complaint qualify as "employers" under the EPA. Again, there is currently no precedential case law from the Third Circuit that opines on whether individual teachers or supervisors can be held liable under the EPA. Taking the facts as alleged in the Complaint as true, there is no allegation in the Complaint that any of the individual Defendants acted in a "supervisory" capacity with regard to the Plaintiffs. Further, there is nothing in the Complaint that indicates that the individual

Defendants had anything to do with the compensation the Plaintiffs received. For this reason, the individual Defendants do not qualify as "employers" under the EPA.

## V. CONCLUSION

For the above reasons, the Defendants' Motion to Dismiss as to the claim against the District will be denied. The Defendants' Motion to Dismiss as to the claim against each individual Defendants will be granted with prejudice. An appropriate Order follows.